IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID BRIGHTWELL<br>    Plaintiff | \* |
| | \* |
|     v. | CIVIL ACTION NO. DKC-11-1652 |
| | \* |
| D. SCOTT WHITNEY,<br>GERALDINE K. SWEENEY,<br>GOVERNOR MARTIN O'MALLEY,<br>SOMERSET COUNTY ADMINISTRATOR<br>    Defendants | \* |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Seeking damages as well as declaratory and injunctive relief, Plaintiff, self-represented, filed suit against Assistant Public Defenders D. Scott Whitney and Geraldine K. Sweeney, as well as Governor Martin O'Malley and the "Somerset County Administrator." Plaintiff alleges that Assistant Public Defender D. Scott Whitney committed legal malpractice, discriminated against him, and provided ineffective assistance of counsel during Plaintiff's state criminal and post-conviction proceedings. Plaintiff further alleges that Assistant Public Defender Geraldine K. Sweeney also committed legal malpractice and provided ineffective assistance of counsel when she failed to object to the allegedly improper polling of the jury during his criminal trial. Plaintiff maintains that the "Somerset County Administrator" was also a party to this improper polling of the jury. Plaintiff alleges that Governor O'Malley was aware that Defendants violated his rights as he addressed a petition to Governor O'Malley requesting a full investigation of his claims, but the Governor failed to take any action. ECF Nos. 1 & 5.

Plaintiff has filed a Motion for Appointment of Counsel. ECF No. 4. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

The court finds from its review of the Complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the Court concludes that Plaintiff's complaint is not of undue complexity. In the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel.

Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted. Because the plaintiff has been granted leave to proceed *in forma pauperis*, this court may review the Complaint before service of process and dismiss the Complaint *sua sponte* if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). Upon review of the Complaint, this court concludes that this action is subject to dismissal.

Two elements are essential to sustain an action under 42 U.S. C. § 1983. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendants Whitney and Sweeney, state public

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

defenders, were acting under color of law the claims against them shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Additionally, Plaintiff's claim against the "Somerset County Administrator" is also subject to dismissal. There is no legal entity named "Somerset County Administrator." Because Defendant "Somerset County Administrator" is not a "person" subject to suit or liability under § 1983, Plaintiff's complaint must be dismissed.

Lastly, Plaintiff's complaint against Governor O'Malley shall also be dismissed. Plaintiff has alleged no personal conduct on the part of the Governor which deprived him of his civil rights; rather, he claims that the Governor failed to act on a request he made for an investigation.

A separate Order shall be entered in accordance with this Memorandum Order.[2]


Date:  August 30, 2011                        /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge

---

[2] If Plaintiff believes his constitutional rights were violated during his criminal proceedings he is free to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The Clerk shall be directed to provide Plaintiff with forms for doing so.